# CASES

DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914.

---

## The People of the State of Illinois, Defendant in Error, v. Thomas H. Jones, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Hamilton county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Complaint by the People of the State of Illinois against Thomas H. Jones, charging the defendant with "the criminal offense of trespass by wilfully entering and passing over an improved field, after being expressly forbidden so to do by A. J. Mangis, the owner of said field." Defendant was found guilty before a justice of the peace, and on appeal to the Circuit Court the jury returned a verdict of guilty and assessed a fine of five dollars. A motion for a new trial was overruled and the court entered judgment against defendant for the amount of the fine and costs. To reverse the judgment, defendant prosecutes a writ of error.

Kuhn v. Pulaski County Mill and Elevator Co., 188 Ill. App. 279.

D. J. UNDERWOOD, H. ANDERSON and J. W. JONES, for plaintiff in error.

J. H. LANE, for defendant in error; A. M. WILSON, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. TRESPASS, § 64*—*when person not guilty of statutory offense of trespass.* On prosecution a person charged with the criminal offense of trespass on the improved field of another under Criminal Code, ch. 38, § 266, Hurd's R. S., J. & A., ¶ 3958, *held* that the defendant was not expressly forbidden to enter upon the premises as required by statute, where the owner posted a notice on the premises addressed to the defendant and the highway commissioners telling them "to stay off his possession there, and not to come there to make a road," but defendant never saw the notice, and another time when the defendant went to the owner and asked him about fencing the land the owner answered that he had nothing to say and that he wanted him to keep off his premises.

2. TRESPASS, § 64*—*propriety of proceeding to try title to land.* The title to land cannot properly be tried in a suit for the criminal offense of trespass.

---

### Paul Kuhn et al., trading as Paul Kuhn and Company, Appellants, v. Pulaski County Mill and Elevator Company, Appellee.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.